AO 108 (Rev. 06/09)  Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT

### for the

Middle District of Louisiana

| | |
|---|---|
| In the Matter of the Seizure of | ) |
| *(Briefly describe the property to be seized)* | ) |
| 2019 BLACK INFINITI Q60 | )   Case No.   22-MJ- 1 |
| VIN: JN1FV7EK4KM360658 | ) |
| | ) |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____Middle_____ District of _____Louisiana_____ is subject to forfeiture to the United States of America under ____18____ U.S.C. § ____853(f)____ *(describe the property)*:  *18 U.S.C. § 981(b) (civil forfeiture)

2019 BLACK INFINITI Q60; VIN: JN1FV7EK4KM360658

The application is based on these facts:

See attached affidavit of Special Agent Lindsay Touchet

☑ Continued on the attached sheet.

Application being submitted by email/pdf and attested to me as true and accurate by telephone consistent with Federal Rules of Criminal Procedure 4.1 and 41.3(d)(l) on: 1/13/2022

*Lindsay Touchet*
_____
*Applicant's signature*

Special Agent Lindsay Touchet
_____
*Printed name and title*

~~Sworn to before me and signed in my presence.~~

Date: 1/13/2022

_____
*Judge's signature*

City and state:  Baton Rouge, Louisiana

Richard L. Bourgeois, Jr. U.S. Magistrate Judge
_____
*Printed name and title*

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

2019 BLACK INFINITI Q60        :        MAGISTRATE NO. 22- mj-1
VIN: JN1FV7EK4KM360658     :
                                     :        **UNDER SEAL**

### AFFIDAVIT IN SUPPORT OF APPLICATION
### FOR SEIZURE WARRANT

I, Lindsay Touchet, being duly sworn, state the following:

### Affiant's Background

1.     I have been a Special Agent ("SA") with the U.S. Secret Service ("USSS") since January 2020.  I am currently assigned to the USSS' Baton Rouge Resident Office ("BRL"), where I am assigned to conduct complex financial crimes investigations, such as Theft of Government Property, Identity Theft, Bank Fraud, Wire Fraud, Mail Fraud and other such investigations.  I am also authorized to investigate assets traceable to the proceeds of fraud.  My assignments include financial crimes and asset forfeiture in the Middle and Western Districts of Louisiana.

2.     As a Special Agent with approximately one year of experience, I have been trained to conduct numerous types of investigations of financial crimes relating to violations of Title 18, United States Code, Section § 1343 (Wire Fraud), Title 18, United States Code, Section 1344 (Bank Fraud), 18, United States Code § 641 (Theft of Government Funds), and of Title 18 U.S.C. § 1957 (Money Laundering). ("TARGET OFFENSES").   As part of my training and recent experience I have conducted, or participated in, research of open source and law enforcement databases, field interviews of suspects and witnesses, collection and review of electronic records, physical surveillance, and have examined business, financial, and bank account records.  Through my training, education, and recent experience, I have become familiar with various financial frauds, such as bank fraud and schemes involving Government programs.  Also, I work with fellow

USSS agents who have decades of experience, which experience has been, and continues to be, shared with me as I execute my assigned responsibilities.

3.      In particular, I have recently conducted several investigations concerning schemes to defraud and the tracing of concealed assets. Such recent investigations have led to multiple asset seizures. I have identified conspirators and assets through the use of various means, including examinations of computers, business and financial records, telephone records and open source and law enforcement databases.

4.      Any facts and information mentioned in this Affidavit are known to me either through my direct participation in the criminal investigation or my review of financial information, documents, loan applications, and bank statements of MAURICE TROSCLAIR, STATES TRUCK HAULING, CALVIN RICKS, C RICKS ENTERPRISES, TIERA LANDS, VIRTUOUS CREDIT SOLUTIONS, and other records related to this investigation. The information contained in this affidavit is based upon my personal involvement in the investigation, analysis of records, and my communications with civilians and fellow law enforcement agents.

5.      Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a seizure warrant for an asset of MAURICE TROSCLAIR and STATES TRUCK HAULING, it does not include all the facts that I have learned during the investigation. Where the contents of documents and the actions and statements of others are reported herein, they are, unless otherwise indicated, reported only as necessary to establish probable cause for the proposed seizure. I have set forth only the facts that I believe are necessary to establish the probable cause to believe that the evidence, fruits, and instrumentalities of violations of the TARGET OFFENSES are currently held in the listed target asset:

2019 BLACK INFINITI Q60, VIN: JN1FV7EK4KM360658

## Purpose of the Affidavit

I make this affidavit in support of the Government's application for a seizure warrant to seize the following asset:

2019 BLACK Q60 INFINITI, VIN: JN1FV7EK4KM360658 ("TARGET VEHICLE")

6.     As set forth herein, I believe that probable cause exists to conclude the TARGET VEHICLE was purchased with fraudulently acquired funds, and as proceeds, is subject to seizure. The purchased item represents evidence of crime, fruits of crime, and instrumentalities of violations of Title 18, U.S.C. § 641 (Theft of Government Funds), Title 18, U.S.C. § 1344 Bank Fraud), Title 18, U.S.C § 1343 (Wire Fraud), and of Title 18 U.S.C. § 1957 (Money Laundering). I believe that sufficient grounds exist for the issuance of a seizure warrant under Title 18, U.S.C. § 981(b) (civil forfeiture) and Title 18, U.S.C. § 853(f) (criminal forfeiture).

## Statutory Authority for Seizure

**18 U.S.C. § 641** – Theft of Government Funds

Section 641 makes it a crime for anyone to embezzle [steal] [knowingly convert to his [her] use or the use of another] any money, property, or thing of value belonging to the United States having an aggregate value of more than $1,000.

**18 U.S.C. § 1344** – Bank Fraud

Section 1344 makes it a crime for anyone to knowingly execute a scheme or artifice to defraud a financial institution.

**18 U.S.C. § 1343** – Wire Fraud

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire … in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be … imprisoned not more than 20 years ….

**18 U.S.C. § 1957** – Money Laundering

Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value

3

greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b).

**21 U.S.C. § 853(f)** – Warrant of Seizure

The Government may request the issuance of a warrant authorizing the seizure of property subject to forfeiture under this section in the same manner as provided for a search warrant. If the court determines that there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture and that an order under subsection € may not be sufficient to assure the availability of the property for forfeiture, the court shall issue a warrant authorizing the seizure of such property.

**21 U.S.C. § 853** - Jurisdiction to enter orders

The district courts of the United States shall have jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture under this section or which has been ordered forfeited under this section.

**18 U.S.C. § 981** – Civil Forfeiture

(a) (1) The following property is subject to forfeiture to the United States:

(A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.

. . .

(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section … 1344 of this title or an offense constituting "specified unlawful activity (as defined in section 1956(c) (7) [wire fraud][1]….

(D) Any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, from a violation of … (vi) section 1343 (relating to wire fraud) ….

(b) (1) Except as provided in Section 985, any property subject to forfeiture to the United States under subsection (a) may be seized by the Attorney General and, in the case of property involved in a violation investigated by the Secretary of the Treasury or the United States Postal Service, the property may also be seized by the Secretary of the Treasury or the Postal Service, respectively.

(2) Seizures pursuant to this section shall be made pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure . . . .

---

[1] 1956(c)(7)(A) includes "any act or activity constituting an offense listed in section 1961(1)" [RICO]. Section 1961(1)(B) includes "racketeering activity" means. . .any act which is indictable under. . .section 1343 (relating to wire fraud).

7.      I believe that a seizure warrant for the TARGET VEHICLE would secure the asset and prevent it from being moved, transferred, or depleted. Because vehicles are movable and easily transported, I believe that a seizure warrant is the appropriate means to secure the movable item, and that a restraining order or protective order would not be sufficient.

### Background

8.      In March 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was passed and signed into law. This economic relief package included assistance for small businesses.

9.      In response to the Coronavirus ("COVID-19") pandemic, small business owners and non-profit organizations in all states, Washington D.C., and territories are able to apply for an Economic Injury Disaster Loan ("EIDL"). The EIDL benefits are designed to provide economic relief to businesses that are currently experiencing a temporary loss of revenue due to the COVID-19 pandemic.

10.     The EIDL benefits and proceeds can be used by businesses to cover a wide array of working capital and normal operating expenses, such as continuation of health care benefits, rent, utilities, employee payroll and other fixed debt payments. The funds are not intended for the personal enrichment of the loan beneficiary.

11.     The EIDL is managed by the Small Business Administration ("SBA"), and typically, these loans are "forgivable" by the United States, meaning if they are used as designed, the SBA will not require repayment. The SBA website advises that affected businesses in need can apply directly to the SBA for EIDL loans. It was determined that in order to qualify for an SBA/EIDL loan under the current requirements, a business must have been in business prior to February 1, 2020.

12.     Applicants for an EIDL loan must apply directly through the SBA. When applications are received by the SBA, the applications are reviewed for compliance with EIDL criteria, and if

approved, funds are disbursed directly to the applicant's bank account. The review process depends on the honesty and truthfulness of the applicant for information regarding eligibility. Minimal validation of applicant information is done by the SBA.

### Information regarding Tiera Lands and Calvin Ricks leads to Maurice Trosclair, his business States Truck Hauling LLC, and the Target Vehicle to be seized

13.     In July 2020, a confidential informant ("CI") informed law enforcement authorities that Calvin Ricks, Sr. ("RICKS"), and his wife Tiera Lands ("LANDS") were engaged in a scheme to defraud the SBA's CARES Act programs, specifically PPP and EIDL. The CI indicated that the scheme involved recruiting and "signing up junkies" for the purpose of obtaining their information and filing fraudulent SBA loan requests, with LANDS reportedly being the ringleader of the scheme. According to the CI, RICKS and LANDS used various car businesses as a way for obtaining government loans. The CI advised that LANDS and RICKS had recently purchased a 2020 Land Rover and expensive new truck with the proceeds of the scheme.

14.     Based on information supplied by the confidential source, agents began an investigation.

15.     Agents examined the Louisiana Secretary of State website for businesses associated with RICKS and found a "C Ricks Enterprises, LLC" ("CRE") which was registered on June 5, 2020. The business was registered approximately 4 months after the February cutoff date for EIDL eligibility (must have been in business prior to February 1, 2020). Based on this information, it is affiant's belief that CRE was not in business on February 1, 2020. This was initial confirmation of the CI information of wrongdoing by RICKS.

16.     CRE applied online for a new Neighbors Federal Credit Union business bank account on June 29, 2020 and was assigned Member #300056259. Once approved, CRE opened Business Basic checking account #20001-0260-9718 with a nominal deposit of $5 and also opened Business Share Savings account #20001-0260-9700 with a nominal deposit of $100. CRE created the CRE business bank account approximately 4 months after the EIDL eligibility date of February 1, 2020

(cut-off date to qualify for an EIDL). Based on this information, it is additional cause for affiant's belief that CRE was not in business on February 1, 2020.

17.     The reported manager of CRE was RICKS. The reputed CRE business location was 6269 Plank Road, Baton Rouge.     A picture of the reported business premises is below:



18.     The fact that CRE involved a used car lot was further confirmation of the initial CI information.

19.     The applicant for the previously-described Neighbors FCU accounts for CRE was RICKS, who presented Louisiana Driver's License number 005721504 as proof of his identity. Ricks also listed his SSN 7421 and CRE's EIN of 85-1278085. The below identifying documents were furnished to Neighbors FCU to open bank accounts:





20.     CRE's EIN of 85-1278085 is also indicative of dubious conduct. According to the Treasury Inspector General for Tax Administration ("TIGTA"), an EIN prefix of "85" was issued only after February 1, 2020. February 1, 2020 was the cutoff date for a company's existence in order to be eligible for an EIDL. Based on this information, it is affiant's belief that CRE was not in business on February 1, 2020. The ineligible EIN prefix 85 also confirms the CI's initial report of misconduct regarding SBA programs.

21.     RICKS, on behalf of CRE, reported the business mailing address as 3009 69th Avenue, Baton Rouge La. 70807. A picture follows:



22.     CRE filed for an SBA/EIDL on or about June 30, 2020 and/or July 1, 2020 under SBA Loan Application #3307429966.

23.     According to SBA records, the loan application was electronically filed by RICKS on or about June 30 using internet protocol address 2600:8807:200:b06:840:6687:df02:5ed7. According to Cox Communications, the above IP address was assigned to 13839 Stonegate Drive, Baton Rouge La. 70816.

24.    According to records of Neighbors FCU, 13839 Stonegate Drive Baton Rouge, La. 70816 is the address of CALVIN RICKS' spouse, TIERA LANDS.  Below is a photograph of 13839 Stonegate Drive Baton Rouge, La. 70816, (a) which is associated with the EIDL loan application of CRE and (b) the IP address linked to RICKS, his spouse LANDS, and her business Virtuous Credit Solutions.



25.    The application to the SBA identified the borrower as RICKS, DOB 03/22/1968, SSN 7421, business address 6269 Plank Road Baton Rouge, La. 70805, telephone 225 400-5060. RICKS was identified as the borrower and 100% owner of CRE.  RICKS identified his contact emails as cricksenterprises@gmail.com and Cricksenterprises20@gmail.com, along with a home

9

address of 1818 75th Avenue, Baton Rouge, La. 70807. A picture of the purported home address

is below:



26.     CRE applied for both an immediate grant of $10,000 and an EIDL loan of $140,000 for a

total SBA loan of $150,000. The EIDL loan was funded and assigned SBA Loan #7168448010.

The $140,000 loan was applied for on July 1. It was reviewed, approved, and obligated the very

same day. According to Neighbors FCU, it was credited to the checking account of "C Ricks

Enterprises LLC" (Account No. 20001-0260-9718) on or about July 1, 2020. The $10,000 grant

was deposited into RICKS' Neighbors FCU account on July 10, 2020.

27.     To obtain the SBA grant and loan, CRE reported the following information to the SBA: 10

employees, $350,000 in gross revenues, zero expenses, and $50,000 in costs of goods sold.

28.     As required by the EIDL program, the financial information supplied to the SBA by CRE

covered the period January 1, 2019 through December 31, 2019. Agents have sought to find proof

of CRE business operations in calendar year 2019. Not a single bank or business record has been

10

located which support the representation that CRE was in business operation in the calendar year 2019. Based on this information, it is affiant's belief that CRE was not eligible for an EIDL.

29.    CRE established its business bank account #2000-102-609-718 at Neighbors FCU on June 29, 2020, two days before it applied to the SBA/EIDL program for a grant and a loan. Since there is no evidence of a CRE Neighbors FCU business account until June 29, 2020, there is no visible banking activity to validate the pretense to SBA of 2019 revenues, employees, expenses, and costs of goods sold. Based on this information, it is affiant's belief that CRE was not eligible for an EIDL and that fraud has been committed on the program.

30.    Your Affiant has searched for other business bank accounts associated with CRE, to include Iberia Bank, EFCU, Essential Federal Credit Union, Pelican FCU, Bancorp Bank, Wells Fargo, and Gulf Coast Bank. At this time, none have been identified. Based on this information, it is affiant's belief that CRE was not eligible for an EIDL.

31.    At this point in the investigation, it is the belief of your Affiant that CRE had no other bank accounts and financial operations in calendar year 2019.

32.    Your Affiant is therefore left with RICKS' representations to the SBA and zero business banking records to examine for validation of RICKS' reported revenues, expenses, and costs of goods sold. Having nothing to examine for validation, it is your Affiant's belief that RICKS' representations to the SBA cannot be supported and are false.

33.    Agents have found no evidence that CRE employed 10 individuals in 2019; nor is there any indication that CRE reported employee wages to the Louisiana Workforce Commission for the 2019 time period.

34.    In summary, CRE, with the assistance of an IP address associated with his spouse LANDS, committed a fraud on the SBA's EIDL program.

11

**Fraud against the SBA by States Truck Hauling LLC and Maurice Trosclair**

35.    The IP address used to execute the CRE fraud on the EIDL program was also used to execute an identical scheme for the benefit of STATES TRUCK HAULING LLC ("STH") and its owner MAURICE TROSCLAIR ("TROSCLAIR").

36.    On or about June 30, 2020, TROSCLAIR and his business STH used internet protocol address 2600:8807:200:b06:840:6687:df02:5ed7 to apply for an EIDL of $150,000.    This particular IP address is assigned to 13839 Stonegate Drive Baton Rouge, La. 70816, the residence of LANDS, the spouse of RICKS who owns CRE.    This identical IP address assigned to the residence of Tiera Lands was used by CRE to defraud SBA.

37.    STH filed for an SBA/EIDL on or about June 30, 2020.    The SBA application of STH was assigned SBA Application ID 3307433556 on June 30, 2020. The STH application reported 10 employees, gross revenues of $350,000, costs of goods sold of $50,000, and zero expenses.    The SBA application of STH was received by the SBA on June 30, 2020.    An SBA EIDL grant of $10,000 was awarded on June 30.    On July 1, an EIDL loan of $140,000 was requested. The loan request was reviewed, approved, and obligated on the same day (July 1). The EIDL was funded and disbursed on July 9.

38.    The CRE and STH EIDL grants and loans were identical in all respects, differentiated in SBA records by only a few hours.    Both SBA applications were submitted from the same IP address associated with LANDS' Stonegate residence.

39.    All of the above data regarding the EIDL of STH is exactly the same as the EIDL application of RICKS and his business CRE.    TROSCLAIR'S loan is identical to the SBA loan application/processing of CRE, including the same Cox IP address used to communicate with the SBA.    The sole difference is that TROSCLAIR's funds went to Iberia Bank while the CRE EIDL funds were credited to Neighbors FCU.

12

40.    Iberia Bank records have been obtained and reviewed by agents. The Iberia Bank records reflect that TROSCLAIR opened an STH business account #20001443356 on June 29, 2020 with a $100 initial deposit. There was no business account in existence at Iberia Bank before the date of June 29, 2020. Essentially, the bank account was opened the day before the STH application for an EIDL. This sequence of events is precisely what transpired with CRE. Your Affiant believes this June 2020 business bank account creation means that the business STH did not timely exist and operate so as to meet the EIDL eligibility requirements.

41.    It is my belief that the EIDL applications of STH and CRE, and the related acts of creating bank accounts and corporate filings, were prepared simultaneously by the same person. That is, the frauds on SBA are linked in a larger pattern of fraud.

42.    On July 2, 2020, 3 days after opening the STH business account, the SBA made a deposit into the STH Iberia account of $139,900. Shortly thereafter on July 10, the SBA deposited an additional $10,000. Very quickly after each of the SBA credits, TROSCLAIR began a series of suspect transactions to withdraw the EIDL funds from his STH business bank account:

   06/29/2020-Initial Deposit of $100

   07/02/2020-Deposit "SBAD Treas $139,900"

   07/02/2020-Withdrawal $15,000 at Airline-Pecue branch

   07/02/2020-Withdrawal $10,000 at Coursey branch

   <u>07/03/2020-Cashier's check for $43,886 to Infiniti of Gwinnett at Coursey branch</u>

   07/10/2020-Deposit "SBA Treas $10,000"

   07/13/2020-Withdrawal $15,000 at Coursey branch

   07/13/2020-Withdrawal $20,000 at Airline-Pecue

   08/20/2020-Cashier's Check $30,000 at Coursey

13

43.    Following the July 2, 2020 SBA credit of $139,900, TROSCLAIR made total cash withdrawals of $25,000 the very same day. The July 2, 2020 withdrawals totaling $25,000 on the date of receipt of the loan proceeds is consistent with information previously uncovered by agents that LANDS charged a fee up to $20,000 for her services in helping obtain an EIDL loan. Such fee is grossly in excess of the 3% fee allowed by the EIDL program.

44.    The very next date, July 3, 2020, TROSCLAIR converted a portion of the EIDL funds to a cashier's check in the amount of $43,886. The cashier's check was made payable to Infiniti of Gwinnett. The cashier's check was generated at the Coursey branch of Iberia Bank. Infiniti of Gwinnett is a car dealer in Georgia located at 3090 Satellite Blvd. Duluth, Ga. 30096.

45.    On July 13, 2020, TROSCLAIR withdrew more EIDL funds, $15,000 was withdrawn from the Coursey branch and then $10,000 was withdrawn from the Airline Highway branch. Once again, there was no apparent reason for conducting multiple cash withdrawals at different branches on the very same date, unless he was attempting to disguise and conceal his activities. Such attempt to disguise his financial activities leads your Affiant to believe that TROSCLAIR has misapplied the EIDL funds which he received from the SBA and fraudulently used such EIDL proceeds for his personal enrichment. There is absolutely no indication that the funds were used to pay salaries of STH employees or in any way benefit the operation of the small business STH.

46.    Affiant believes that the Infiniti (TARGET VEHICLE) was purchased with the proceeds of fraud committed against the SBA. The monetary transaction was greater than $10,000 ($43,886); accordingly, it is Affiant's belief that the July 2, 2020 purchase from Infiniti of Gwinnett was a violation of Title 18, United States Code, Section 1957, money laundering.

47.    The above series of transactions between July 2 and July 13, 2020 nearly depleted the EIDL funds deposited in the STH account. The remaining funds were consumed through spending on a linked, secured Visa credit card, which was applied for and issued to TROSCLAIR. The credit

14

card was applied for on July 8, 2020. The above-mentioned expenditure of EIDL funds do not reflect authorized uses for such loan, namely for employees, replacement of revenues, and costs of goods sold to operate a business. Because the EIDL proceeds were misapplied for personal enrichment, Affiant believes that TROSCLAIR committed fraud on the SBA.

48.    Your Affiant believes that the above series of facts reflects that LANDS assisted TROSCLAIR in obtaining an EIDL based on false pretenses, that TROSCLAIR paid LANDS a substantial cash fee, and that TROSCLAIR spent the EIDL funds on the purchase of a luxury vehicle and cash withdrawals of $60,000, all within 10 days of receipt of the funds.

### Purchase of TARGET VEHICLE

49.    TROSCLAIR used a portion of the EIDL loan funds to purchase a 2019 Q60 Infiniti (TARGET VEHICLE). Approximately one day after the deposit of the EIDL loan funds in the Iberia Bank account ending in 3356 (July 2 deposit and July 3 cashier's check to Infiniti), TROSCLAIR sent a check for $43,886.00 (Iberia Bank Cashier's Check #853865) drawn from the account ending in 3356 to Infiniti of Gwinnett. The check was dated July 3, 2020, and made payable to Infiniti of Gwinnett, 3090 Satellite Blvd. Duluth, Ga. 30096.

50.    The following is a copy of the $43,886.00 cashier's check made payable to Infiniti of Gwinnett:



51.    Representatives of Infiniti of Gwinnett provided sale documents reflecting TROSCLAIR'S

purchase of the 2019 Q60 Infiniti for $43,886.00.  The purchased vehicle is now sought to

be seized as having been purchased with proceeds of antecedent fraud on the SBA.



52.    The sales documents from Infiniti of Gwinnett reflect that the vehicle was purchased by

TROSCLAIR with a check from a business account for STH from Iberia Bank account

#20001443356.

53.    The 2019 Black Infiniti Q60 with VIN #JN1FV7EK4KM360658 (TARGET VEHICLE)

was purchased with the proceeds of fraud, namely funds from the Iberia Bank account

#20001443356 traceable to fraud.  Below is a graphic which depicts the creation of fraud proceeds

and its tracing to the asset to be seized, namely, the TARGET VEHICLE.:



## Conclusion

54.     Based on the facts recited in this Affidavit, your Affiant believes that the EIDL loan to

States Truck Hauling LLC is based on materially false information, making States Truck Hauling

LLC ineligible to receive, possess, expend, and control the EIDL loan funds. Your Affiant also

has probable cause to believe, based on information believed to be reliable, that TROSCLAIR,

RICKS, LANDS, their purported business entities, and others known and unknown did violate,

and are continuing to violate, Title 18, United States Code, Sections 641 (Theft of Government

Property), 1343 (Wire Fraud and attempt to do so), 1344 (Bank Fraud and attempt to do so), and 1956/1957 (Money Laundering).

55.     Because the STH EIDL loan funds of $150,000 were a result of material false representations made to the SBA, and a portion of the funds deposited at Iberia Bank for the credit of States Truck Hauling LLC were used to purchase the TARGET VEHICLE, the TARGET VEHICLE is subject to seizure.  As the TARGET VEHICLE was directly purchased with the proceeds of the STH EIDL loan fraud, your Affiant believes probable cause exists to seize the TARGET VEHICLE.

56.     In summary, the proceeds of the EIDL loan were a product of bank fraud, theft of government property, and wire fraud.  Each of these violations of federal criminal law provide for seizure of this asset as the proceeds of fraud.

57.     Affiant respectfully submits that there are sufficient grounds for the issuance of a seizure warrant under Title 18, U.S.C. § 981(b) (civil forfeiture) and under Title 18, U.S.C. § 853(f) (criminal forfeiture) and, consequently, requests that the TARGET VEHICLE be ordered seized, and that a seizure warrant for the TARGET VEHICLE be issued.

Respectfully submitted,

1/13/2022

X   Lindsay Touchet

Lindsay Touchet

Signed by: LINDSAY T TOUCHET

Special Agent Lindsay Touchet
United States Secret Service

Affidavit submitted by email/.pdf and attested to me as true and accurate by telephone consistent with Federal Rules of Criminal Procedure 4.1 and 41(d)(3) on 1/13/2022.

18   HONORABLE RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE
MIDDLE DISTRICT OF LOUISIANA

AO 109 (Rev. 11/13)  Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT

for the

Middle District of Louisiana

In the Matter of the Seizure of
*(Briefly describe the property to be seized)*
2019 BLACK INFINITI Q60
VIN: JN1FV7EK4KM360658

)
)
)
)
)

Case No.  22-MJ-1

## WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests that certain property located in the _____ Middle _____ District of _____ Louisiana _____ be seized as being subject to forfeiture to the United States of America.  The property is described as follows:

2019 BLACK INFINITI Q60, VIN: JN1FV7EK4KM360658

I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

**YOU ARE COMMANDED** to execute this warrant and seize the property on or before _____ 01/27/2022 _____
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10:00 p.m.          ❑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to
_____ RICHARD L. BOURGEOIS, JR. _____ .
*(United States Magistrate Judge)*

❑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❑ for _____ days (not to exceed 30)          ❑ until, the facts justifying, the later specific date of _____ .

Date and time issued:   _____ 01/13/2022 4:45 pm _____          _____
                                                                                                                                  *Judge's Signature*

City and state:   Baton Rouge, Louisiana          Richard L. Bourgeois, Jr. U.S. Magistrate Judge
                                                                                      *Printed name and title*

AO 109 (Rev. 11/13)  Warrant to Seize Property Subject to Forfeiture (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br><br>22-MJ-1 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of: | | |
| Inventory of the property taken: | | |

| Certification |
|---|
|     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br>Date: _____<br><br><br><br>                                                _____<br>                                                     *Executing officer's signature*<br><br><br>                                                _____<br>                                                      *Printed name and title* |